Lantern Endowment Partners, LP v Bluefin Servicing Ltd. (2023 NY Slip Op 05446)

Lantern Endowment Partners, LP v Bluefin Servicing Ltd.

2023 NY Slip Op 05446

Decided on October 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 26, 2023

Before: Webber, J.P., Moulton, González, Kennedy, JJ. 

Index No. 654002/19 Appeal No. 912 Case No. 2022-3323 

[*1]Lantern Endowment Partners, LP, Plaintiff-Respondent,
v
Bluefin Servicing Ltd., et al., Defendants, Ian S. Peck, Defendant-Appellant.

Press Koral LLP, New York (Matthew J. Press of counsel), for appellant.
Berlandi Nussbaum & Reitzas LLP, New York (John P. O'Brien of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa Crane, J.), entered July 18, 2022, awarding damages, including prejudgment interest and costs, to plaintiff in the amount of $590,561.17, unanimously affirmed, with costs.
Defendant waived any objection to proceeding with the inquest on written submissions when counsel agreed to this process at the hearing. This was not an instance of an argument that was not raised below, but one of clear consent to a process, which defendant, having lost, now seeks to undo (cf. Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405 [1st Dept 2009]).
Contrary to defendant's contention, plaintiff was entitled to full payment of the 4.8% of the loan proceeds it had purchased through assignment. Defendant failed to show that there was a default under the loan, or if there was, that the default was not the result of defendant's own unlawful conduct.
The court properly accepted plaintiff's calculations, which were supported by detailed tables, and the uncontroverted findings of a special master in related litigation.
The court also properly rejected defendant's proffered setoffs. These were not proper credits to the servicer or deductions from the amounts paid by borrower. Rather, they consisted of amounts paid by borrower, not related to the loan, or otherwise not deductible under the various loan documents.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2023